Tke opinion of tke Court was delivered by
O’Neall, J.
On tke first ground of appeal tke Court of Law .entertained no doubt. Tke will is to be construed by tke words used. Tke writer, Dr. Evins, was an incompetent witness to say wkat was meant by tke words, “ in fee simple for life.” To solve tkat question, tke case was ordered to tke Court of Errors.
There is no doubt about tke general rule, tkat in construing a will, tke intention, when it can be ascertained, unless it be contrary to some rule of law, is to prevail. So, too, it is permissible, in construing a will, to read all its parts, and to ■gather light from any part, which may reflect'it upon tkat which is dark and uncertain. Tke will here shows, tkat tke testator intended to dispose of kis whole estate: there is no residuary clause,,in tke will! Each devise, therefore, it may be well argued, was intended to carry all tke estate, which tke testator possessed in tke land devised.
Tkat neither the testator nor kis scribe knew tke precise meaning of tke term, in “ fee simple,” is, I think, true. Eor when he gave to Nathan McAllister another tract of land he used tke words “ in fee simple forever.” When, if either had understood tke meaning of tke words “fee simple,” he would have known tkat those words carried an estate to “ a man and kis heirs forever:” and tkat the word “forever” after tke words “ fee simple ” was tautology.
To construe tke words in “fee simple for life,” as conveying an estate in fee, is, I think, the construction best in *515 support of tbe testator’s intention. For it subserves and carries out bis expressed purpose of disposing of bis whole estate. But if they must be read by themselves, then they are utterly inconsistent, and both must be rejected; or the words “for life” must be regarded as absurd, and be altogether struck out of the will. Either course will sustain the defendant’s title. If both are struck out, as unmeaning, when used together, — then the will would be read, as simply devising to Nathan McAllister Arnold. Such a devise by our Act of 1824, “ for the amendment of the law in divers particulars therein mentioned,” (1 §, Act of'1824, 6 Stat. 237,) would carry an estate in fee simple. The words of the first section are, “ That no words of limitation shall hereafter be necessary to convey ‘an estate in fee simple by devise; but every gift of land by devise shall be considered as a gift in fee simple, unless such a construction be inconsistent with the will of the testator express or implied.” Who can say that there is any thing in the will inconsistent with the construction that the devise is in fee simple.
But if the words in “fee simple for life” must remain, then I think the rule that the words “ for life ” should be regarded as repugnant to the estate already conferred, and should be rejected, must prevail. For it is impossible to give a consistent meaning to the words in-“fee simple,” and the words “ for life.” The words, in fee simple, carry the estate to the devisee and his heirs forever. The words “for life” added to these would present the strange anomaly of an estate to a man and his heirs forever for life. This would be too absurd to be tolerated, and yet that is precisely the legal effect of using all the words contained in the devise.
The case of Cotton vs. Stenloke, 12 East, 514, it seems to me, favors the view which I have just taken. The devise there was, “ I give unto my daughter, Phillis Cotton, and her heirs, Moorhead Meadow, during their lives.” Lord Ellenborough, C. J., said, “ The words during their lives, after the devise to *516 tbe daughter and her heirs, are merely tbe expression of a man ignorant of tbe manner .of describing bow tbe parties whom be meant to benefit, should enjoy tbe property; for whatever estate of inheritance tbe heirs of bis daughter might take, they could, in fact, only enjoy tbe benefit of it for their lives.” In this case, the devise is in legal effect to Nathan McAllister Arnold and his heirs, to which the testator added “for life.” That, as in Gotten and Stenlohe, might mean to describe-the enjoyment of the devise by him and his heirs each in turn for life.
Without pursuing further the words so senselessly used, we are satisfied to declare that Nathan McAllister Arnold took an estate in fee.
The motion for a new trial is granted.
DüNkiN, Dargah and Wardlaw, CC., and. Glover, J., concurred.
Wardlaw and Muhro, JJ., dissented.
JohNstoN, Ch., and Withers, J., absent.
WhitNer, J., gave no opinion, having been consulted when at the Bar.
Motion granted.